UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RINAL FATKULIN                                    CASE NO.  3:26-CV-01061

VERSUS                                            JUDGE ROBERT R. SUMMERHAYS

JACKSON PARISH                                    MAGISTRATE JUDGE LEBLANC
CORRECTIONAL CENTER ET AL.

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order [ECF No. 2]. For the reasons that follow, Petitioner's Motion [ECF No. 2] is DENIED.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[3] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[4] Here, Petitioner seeks an injunction

---

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).

[2] *Miss. Power & Light Co.* at 621.

[3] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[4] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).

granting the same ultimate relief he seeks on the merits of his habeas petition—immediate release, or in the alternative, a hearing at which the government bears the burden of demonstrating that continued detention is warranted.[5] Where a motion for injunctive relief mirrors the allegations in support of the habeas petition and seeks the same relief (as in this matter), the motion for injunctive relief may be denied.[6] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[7] For these reasons,

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 26th day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] See ECF No. 1 at 13-14; ECF No. 2 at 12-13.
[6] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).
[7] *Stines, supra.*